# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

SYSINFORMATION, INC.,
        Plaintiff,

-vs-                                      Case No. A-09-CA-619-SS

PROFESSIONAL HEALTHCARE BILLING SERVICES, LLC; IVOLUTION MEDICAL SYSTEMS, INC.; LEE ANN CRAWFORD; and ANDREW GRIMALDA,
        Defendants.

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Lee Ann Crawford ("Crawford")'s Motion to Dismiss [#7], Plaintiff SysInformation, Inc. ("SysInformation")'s Response [#14], Defendants Professional Healthcare Billing Services, LLC, ("PHBS") and Andrew Grimalda ("Grimalda")'s Motion to Dismiss [#9], and SysInformation's Response [#20]. Having considered the motions, the responses, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

## Background

According to SysInformation, PHBS subcontracted its bill processing to SysInformation through three separate contractual agreements. Amend. Compl. at ¶¶ 10-13 [#15]. SysInformation alleges PHBS, wholly controlled by Grimalda, failed to pay SysInformation for its services in the amount of approximately $219,017.88, and falsely represented payment was forthcoming. *Id.* at ¶¶ 15-22. SysInformation next alleges Crawford and Grimalda, in order to avoid paying

SysInformation, conspired to transfer assets from PHBS to an entity owned by Crawford. *Id.* at ¶¶ 24-26. Finally, SysInformation alleges a similar conspiracy between PHBS and iVolution in order to avoid paying amounts owed to SysInformation. *Id.* at ¶¶ 27-29. SysInformation brought this suit alleging fraud, conspiracy, disregard of entity and breach of contract in connection with Defendants' failure to pay for services performed. *Id.* at ¶ 1.

SysInformation is a Delaware corporation with its principal office and corporate headquarters in Austin, Texas. PHBS is a California limited liability company with its principal place of business in Riverside County, California. iVolution is a Nevada corporation. Crawford is a person who lives in Chesapeake, Virginia. Grimalda is a person who lives in Riverside County, California. SysInformation alleges personal jurisdiction and proper venue based on Defendants' "transacting, doing, and soliciting business" in the Western District of Texas. *Id.* at ¶ 9.

### I.     Personal Jurisdiction under Rule 12(b)(2)

When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the party asserting jurisdiction bears the burden of proof. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). Because the Court has not conducted an evidentiary hearing regarding personal jurisdiction, Plaintiff's burden is lessened so that it "must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). In deciding whether the Plaintiff has made out a prima facie case of personal jurisdiction, the Court "must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* "Where facts are disputed, the plaintiff presenting

a prima facie case is entitled to have the conflicts resolved in his favor." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).

A federal court sitting in diversity has personal jurisdiction over a defendant if the forum state's long-arm statute permits service of process and the assertion of personal jurisdiction does not violate due process. *Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute is coextensive with the limits of due process, this Court need only determine whether jurisdiction comports with due process. *Id.* (citing *Schlobohm v. Shapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Due process requires the Court to determine: (1) whether the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts'" with it; and (2) whether requiring the defendant to litigate in the forum state offends "traditional notions of fair play and substantial justice." *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The defendant's conduct in connection with the forum state "must be such that he 'should reasonably anticipate being haled into court'" there. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"Minimum contacts" may be demonstrated by either a "general" or a "specific" personal jurisdiction analysis. Specific jurisdiction may be demonstrated by showing the plaintiff's cause of action relates to, or arises from, the nonresident defendant's contacts with the forum state. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624–25 (5th Cir. 1999); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). General jurisdiction, on the other hand, arises when "a defendant has sufficient 'continuous and systematic' general contacts with the state,"

regardless of whether those contacts relate to the plaintiff's causes of action. *Guidry*, 188 F.3d at 624; *Helicopteros*, 466 U.S. at 415 n.9.

**Personal Jurisdiction Over PHBS and Grimalda**

SysInformation does not claim PHBS and Grimalda are subject to general jurisdiction. *See* Pl. Resp. at ¶ 6.[1] Rather, SysInformation asserts five reasons in support of specific jurisdiction over PHBS and Grimalda.[2] *Id.* at ¶¶ 6-10. None of these is sufficient to establish PHBS or Grimalda had minimum contacts with Texas. PHBS's only contacts with Texas were (1) PHBS entered into a contract with SysInformation, a Delaware corporation with its principal office in Texas; (2) PHBS and Grimalda communicated through email and telephone with SysInformation in Texas; and (3) PHBS sent billing information to SysInformation in Texas. The remainder of SysInformation's arguments regarding PHBS and Grimalda's contacts with Texas rely on SysInformation's own performance under the contract. *Id.* at ¶ 6. For example, SysInformation claims PHBS and Grimalda "were aware and contemplated" the idea services under the contract would be performed by SysInformation in Texas. *Id.* Also, SysInformation mailed "approximately 100 claims per week" from Texas to PHBS's customers. *Id.* at ¶ 7.

In *Holt Oil & Gas Corp. v. Harvey*, the Fifth Circuit held there was no specific jurisdiction over an Oklahoma resident who contracted with a Texas corporation. 801 F.2d 773 (5th Cir. 1986). Harvey, the Oklahoma resident entered into a contract with Holt, the Texas corporation. *Id.* at 776.

---

[1]The Court also notes PHBS would not be subject to general jurisdiction because it has had virtually no dealings with the state of Texas other than those alleged in this case. *See* Def. Mot. at 5.

[2]SysInformation asserts claims against Grimalda by virtue of his purported ownership of PHBS. Thus, for the purposes of personal jurisdiction, SysInformation's arguments for minimum contacts apply to both Grimalda and PHBS.

Harvey sent three checks and the final joint operating agreement from Oklahoma to Texas. *Id.* at 778. Harvey also had extensive communications with Holt by telephone and in writing. *Id.*

The Fifth Circuit held these contacts were insufficient to support exercising specific jurisdiction. *Id.* ("On several occasions this Court has observed that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Colwell Realty Investments v. Triple T Inns*, 785 F.2d 1330, 1334 (5th Cir. 1986); *Stuart v. Spademan*, 772 F.2d 1185, 1192-93 (5th Cir. 1985)). The Court also did not find the exchange of communications, nor the mailing of checks particularly significant. *Holt*, 801 F.2d at 778. By the same reasoning, SysInformation has not established the requisite minimum contacts under Fifth Circuit law.

SysInformation has one further argument. It is a circumstantial argument involving the inclusion of certain language in the contracts dealing with Texas taxes. Specifically, the each of the contracts between PHBS and SysInformation indicates PHBS "claims exemption from payment of Texas sales and use taxes because the results of the goods or services being purchased here are being resold within the United States in their present form." Pl. Resp. Ex. B ¶ 5. SysInformation makes the logical argument PHBS intended performance of the contract would subject it to Texas jurisdiction, otherwise the contract language was unnecessary. However, there is no indication any of PHBS's actions actually did establish the minimum contacts required for specific jurisdiction. What PHBS may have intended, or sought to account for in the language of the contract does not trump its actions.

## II. Alternative Dismissal under Rule 12(b)(3)

Even if PHBS's inclusion of language in the contracts regarding the Texas tax laws is construed as establishing the requisite minimum contacts, this case is still dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). In a civil action wherein jurisdiction is founded only on diversity of citizenship, venue may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A district court can dismiss a case if venue is brought in the wrong division or district. *See* 28 U.S.C. § 1406(a).

In this case, all defendants do not reside in the same state–PHBS is a California resident, Crawford is a Virginia resident, and iVolution is a Nevada resident. Amend. Compl. at ¶¶ 3-5. Thus, venue is not proper under § 1391(a)(1).

SysInformation merely alleges the same facts for its venue argument under §1391(a)(2) as it does for its personal jurisdiction argument. Pl. Resp. at ¶ 12 ("Venue is proper under § 1391(a)(2) because, for the reasons stated above in paragraphs 6-10, a substantial part of the events or omissions giving rise to the claims occurred in this District."). Here, however, SysInformation's arguments are even less availing. The events giving rise to this action are the alleged failure of PHBS and Grimalda to pay under the contract, the alleged conspiracy between Grimalda and Crawford, and the alleged conspiracy between PHBS and iVolution. None of these events occurred in Texas. At best, SysInformation could argue the failure of PHBS to send payment into Texas was the omission giving

rise to this claim. As discussed above, however, mere mailing of payments is not sufficient to establish either personal jurisdiction or proper venue.

Finally, PHBS and Grimalda are both subject to jurisdiction in the Central District of California. Def. Mot. at 7. Thus venue is not proper under § 1391(a)(3).

## III.   Crawford and iVolution's Dismissal

While neither Crawford nor iVolution filed a motion to dismiss for improper venue, the Court can dismiss the case against them for improper venue *sua sponte*.[3]  *See* 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(h)(3); *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). As discussed above, venue for this case is improper in the Western District of Texas. All defendants do not reside here, a substantial part of the events and omissions giving rise to the claims did not arise here, and there is another district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(a).[4]  Thus, this case is dismissed against all defendants for improper venue.

---

[3] In fact, Crawford filed a motion to dismiss for failure to state a claim, thus waiving her objections to personal jurisdiction and venue. *See* FED. R. CIV. P. 12(h)(1).

[4] There is even some question whether SysInformation could have brought suit in Texas state court at all. *See* Def. Mot. at 8 n.47 (indicating SysInformation's corporate status in Texas as of October 12, 2009 forecloses its right to sue under TEX. TAX CODE ANN. §§ 171.251, 171.252).

**Conclusion**

In accordance with the foregoing:

    IT IS ORDERED that Defendants Professional Healthcare Billing Services, LLC and Andrew Grimalda's Motion to Dismiss [#9] is GRANTED.

    IT IS FURTHER ORDERED that all other pending motions are DISMISSED AS MOOT.

SIGNED this the 30th day of November 2009.

                                    _/s/ Sam Sparks_____
                                    SAM SPARKS
                                    UNITED STATES DISTRICT JUDGE